IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS PORTER, #42273-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-4773-D-BK |
| | § | (3:10-CR-206-D-12) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255.[1]  For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to Conspiracy to Possess with Intent to Distribute a Controlled Substance and was sentenced to 324 months' imprisonment and a five-year term of supervised release.  *United States v. Porter*, 3:10-CR-206-D-12 (N.D. Tex. May. 16, 2011), *appeal dismissed under Anders v. California*, No. 12-10418 (5th Cir. Nov. 8, 2012).  In the sole ground raised in this timely section 2255 motion, Petitioner, relying on the Supreme Court's recent decision in *Alleyne v. United States*, ––– U.S. –––, 133 S. Ct. 2151 (Jun. 17, 2013), asserts that the method used to determine his sentencing guideline range violated the Fifth Amendment. [Doc. 2 at 5].  Specifically, he claims the Court found the enhancement under United States Sentencing Guideline § 3B1.1(b) (manager or supervisor of a criminal activity) applicable based only on a preponderance of the evidence rather than beyond a reasonable doubt.  [Doc. 3 at 3].

---

[1] In the cover letter attached to his section 2255 motion, Petitioner states that he would like to "re-submit [his] request to the court for extension of time." [Doc. 2 at  9].  Because he did not specify how long he needed or why he needed an extension, the Court granted him until January 3, 2014, to submit a proper motion for extension of time. [Doc. 4]  Petitioner did not respond and, thus, the Court analyzes the section 2255 motion as initially submitted.

## II. ANALYSIS

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998)* (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Petitioner's reliance on *Alleyne* is misplaced. The United States Court of Appeals for the Fifth Circuit has held that *Alleyne* did not establish a new rule to be applied retroactively on collateral review; thus, Petitioner cannot rely on it in this section 2255 action. *See In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013)* (noting that "the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review" and related holdings in *Booker*, *Blakely*, *Ring*, and *Apprendi* are not retroactively applicable to cases on collateral review) (cited cases omitted).

Moreover, in *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven to the trier of fact beyond a reasonable doubt. 133 S. Ct. at 2155. Contrary to Petitioner's assertion, however, the section 3B1.1(b) enhancement did not raise the mandatory minimum sentence in his case. It was but one factor in the calculation of the advisory guideline range of punishment

within the sentencing range prescribed by statute.[2]  See Alleyne, 133 S. Ct. at 2163 (stating that "[o]ur ruling today does not mean that any fact that influences judicial discretion must be found by a jury" and "[o]ur decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law"); United States v. St. Junius, No. 11-20805, ––– F.3d –––, 2013 WL 6669159, at *15 n. 23 (5th Cir. Dec 18, 2013) (declining to extend Alleyne to an abuse of trust enhancement that did not result in an increase of the mandatory minimum sentence); Blanton v. United States, No. 3:12-CV-5077-L-BH, 2013 WL 6009949 (N.D. Tex. Sept. 30, 2013), recom. accepted, 2013 WL 6003482, *3 (N.D. Tex. Nov. 13, 2013) (Alleyne's holding does not apply to enhancements based on possession of child pornography that do not affect the mandatory minimum sentence).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice.  See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

SIGNED January 29, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] See Presentence Report ¶¶ 99-104, Doc. 157-1 in criminal case.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE